UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES GLASGOW, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO.  3:03-CV-676 RM |
| ) | |
| MICHIGAN CITY POLICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant ) | |

### OPINION AND ORDER

At the April 6 final pretrial conference, counsel for both parties presented oral argument regarding plaintiff's plan to introduce portions of six depositions at trial rather than elicit live testimony. The court took the matter under advisement and now issues this written opinion and order.

Plaintiff James Glasgow seeks to introduce into evidence at trial portions of the depositions of six persons. The names of these six deponents and their job titles at the time of their depositions (based the representations of counsel for both parties at the final pretrial conference) are as follows: (1) Thomas Howe, Michigan City Police Department Lieutenant and a field training officer supervisor; (2) Ben Neitzel, MCPD Shift Commander; (3) Steven Westphal, MCPD Corporal; (4) Stephen Jesse, MCPD Captain; (5) Lawrence Jasicki, MCPD Captain; and (6) Rebecca Howse, a member of the Michigan City Police Civil Service Merit Commission. Mr. Glasgow makes no claim that these deponents are unavailable

to testify in person at trial. He argues for the admissibility of their depositions based on FED. R. CIV. P. 32(a)(2) and FED. R. EVID. 801(d)(2)(D).

Rule 801(d)(2)(D) says that a statement is not hearsay if it is offered against a party and is made by the party's agent or servant concerning a matter within the scope of the agency or employment, and is made during the existence of the agency/employment relationship. There is no dispute that five of the six deponents were, at the time of their depositions, employed by the MCPD. To the extent the deposition testimony of these five MCPD employees discusses matters within the scope of their employment, Rule 801(d)(2)(D) is satisfied, and those five depositions should not be excluded on hearsay grounds. Still, Mr. Glasgow must also prove that these depositions are covered by Civil Rule 32(a)(2). *See* Young & Associates Pub. Relations, L.L.C. v. Delta Airlines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) (citing Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 962-963 (10th Cir. 1993)) (proponent has the burden of proving the deposition testimony admissible under Rule 32(a)(2)); Kolb v. County of Suffolk, 109 F.R.D. 125, 127 (E.D.N.Y. 1985) (admissibility of a deposition must be determined by reference to both FED. R. CIV. P. 32(a)(2) and the Federal Rules of Evidence).

Rule 32(a)(2) reads as follows: "The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose." FED. R. CIV. P.

2

32(a)(2). Mr. Glasgow doesn't assert that any one of the five MCPD deponents was designated under Rules 30(b)(6) or 31(a) to testify on the MCPD's behalf; he relies on the premise that each of these deponents was, at the time of his deposition, an "officer, director, or managing agent" of the MCPD. The parties agree that these five deponents were police "officers" for the MCPD at the time of their depositions, but the MCPD says that isn't what Rule 32(a)(2) means when it uses the word "officer." Neither party has cited any authority dealing directly with the definition of the word "officer" as used in Rule 32(a)(2), and the court has been unable to locate any cases squarely confronting this question.

Much guidance is provided, however, by the courts' efforts to define the term "managing agent" as used in Rule 32(a)(2). Factors commonly applied to determine whether a deponent was a "managing agent" include: "(1) whether the agent's interests are identified with those of the principal; (2) the nature and extent of the agent's functions, responsibilities and duties; (3) the extent of the agent's power to exercise judgment and discretion; and (4) whether any person or persons higher in authority than deponent were in charge of the particular matter or possessed all of the necessary information sought in the deposition." Young v. Delta Airlines, 216 F.R.D. at 523 (citations omitted); *see also* Reed Paper Co. v. Procter & Gamble Distributing Co., 144 F.R.D. 2, 4 (D. Me. 1992) (setting forth similar factors emphasizing deponent's level of discretionary authority and personal identification with the employer's interests). These factors essentially boil down to the agent's levels of loyalty and authority.

The principle of *noscitur a sociis* ("it is known from its associates") instructs that "the meaning of questionable words or phrases in a statute may be ascertained by reference to the words or phrases associated with it." <u>Ortloff v. United States</u>, 335 F.3d 652, 659 (7th Cir. 2003) (internal quotations and citations omitted). In Rule 32(a)(2), the term "officer" immediately precedes the terms "director, or managing agent." The word "director," in this context, is most naturally read to mean a member of a corporation's board of directors, and the term "managing agent" has been defined to require a deponent to possess a high degree of loyalty to the employer and great authority to act independently of supervisory oversight. When read alongside "director, or managing agent," "officer" is best understood to mean a corporate officer such as a CEO or CFO — a person vested with much authority whose deposition testimony can reasonably be treated as representing the interests of the party that employs him or her.

Mr. Glasgow filed a supplemental memorandum [docket no. 33] urging the admissibility of these depositions at trial under Rule 32(a)(2). In that memorandum he states that these five MCPD officers "played a role in the decisions challenged in this case," and argues that "they were more than 'mere employees.'" The court cannot find that Mr. Glasgow has met his burden of proving these depositions are covered by Rule 32(a)(2). That these five officers "played a role" in the events central to this litigation is insufficient to show they possessed the kind of authority required to make them "officers" as that term is understood in Rule 32(a)(2).

4

The sixth deponent, Ms. Howse, worked for the Michigan City Police Service Merit Commission, and the parties continue to dispute whether it is a separate legal entity from the MCPD. At the final pretrial conference, counsel for the MCPD suggested he would present evidence at trial to show that the Police Service Merit Commission is a separate entity from the MCPD. If the MCPD is successful in proving the two entities are distinct, Ms. Howse — who is employed by the Commission — would not be an "agent or servant" of a party (MCPD), and her deposition testimony would not be covered by the hearsay exemption in Rule 801(d)(2)(D). As to Civil Rule 32(a)(2), Mr. Glasgow has said only that Ms. Howse was among those who "played a role" in the decisions that led to this litigation. As with the five MCPD officers, this showing is insufficient to invoke Rule 32(a)(2). Given the lingering uncertainty about the applicability of Rule 801(d)(2)(D) to Ms. Howse's deposition testimony, and Mr. Glasgow's insufficient showing with respect to Rule 32(a)(2), the court cannot permit Ms. Howse's deposition to be presented as evidence at trial.

Accordingly, the court ORDERS that Mr. Glasgow shall not present any of these six depositions as evidence at trial without a showing of unavailability, but may, of course, use them for impeachment purposes under Rule 32(a)(1).

ENTERED:   April 8, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

5